IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

F.G. CROSTHWAITE, et al.,

    Plaintiffs,

  v.

GEO GROUT INC., et al.,

    Defendants.

No. C 12-04387 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND VACATING HEARING**

### INTRODUCTION

In this action under the Employee Retirement Income Security Act and Labor Management Relations Act, plaintiffs move for default judgment. For the following reasons, the motion is **GRANTED**. The January 17 hearing is **VACATED**.

### STATEMENT

The facts alleged by plaintiffs are as follows. Defendants are signatories to the Independent Northern California Construction Agreement (the "Independent Agreement") of the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFLCIO. The Independent Agreement provides that defendants shall be bound by the wage rates, fringe benefit rates, hours and all other terms and conditions of employment contained in the current Master Construction Agreement for Northern California between the Associated General Contractors of California and the Union ("Bargaining Agreement). The ERISA plaintiffs and trust funds are third party beneficiaries of that Bargaining Agreement. Kenneth

Tholin, the RMO/CEO/President of defendant Geo Grout, Inc., has individual liability for all amounts claimed herein pursuant to the paragraph 12 of the Independent Agreement.

The Bargaining Agreement requires defendants to make contributions based on the hours worked by employees of defendants to the plaintiff ERISA trusts, requires defendants to pay benefit contributions to plaintiffs, and enumerates the consequences should the employer fail to do so. If a contribution is delinquent, the Bargaining Agreement mandates that defendants pay liquidated damages on the delinquent contributions equal to 10% of each month of delinquent contributions, increased to 20% upon litigation. Interest on delinquent contributions is also due under the agreements at a rate of 10% per annum. The Bargaining Agreement also provides for reimbursement of attorney's fees and costs, as well as any other expenses incurred in connection with the delinquency.

Plaintiffs filed this action to compel defendants to pay employee benefit contributions for hours worked by its employees during the months of January 2012 through June 2012, to pay liquidated damages and interest incurred on these unpaid contributions, as well as for prior periods where contributions were paid late, and to pay any additional contributions payable at the time of judgment, plus liquidated damages and interest. Since the filing of the complaint, defendants reported but failed to pay employee benefit contributions for the additional months of July 2012 through September 2012, and have failed to timely report and/or pay October 2012 contributions.

Plaintiffs' memorandum states that plaintiffs seek to recover a total figure of $46,810.36 (adjusted to reflect a $2,031.60 credit), comprising: (i) contributions, liquidated damages, and interest totaling $42,837.79; (ii) attorney's fees totaling $4,419.50; (iii) anticipated attorney's fees totaling $1,080 in connection with the instant motion and hearing; and (iv) $504.67 in costs. Based on the declarations submitted by plaintiffs, however, the total figure comes out to $46,305.69.

Defendants have been served with all filed pleadings to date. The clerk entered default against defendants in September, 2012. The instant motion for default was filed in November, 2012 with a hearing noticed for January 2013. Defendants did not file an opposition to

2

plaintiffs' motion for default judgment. Prior to the scheduled default judgment hearing, plaintiffs submitted evidence showing that defendants did not intend to appear for oral argument (Dkt. No. 44).

**ANALYSIS**

**1.   DEFAULT JUDGMENT.**

Federal Rule 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The scope of relief allowed through default judgment is limited by FRCP 54(c), which states that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

District courts must consider several factors when exercising discretion to award default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Defendants never answered or otherwise responded to the complaint, so none of the material liability facts are disputed. Indeed, because these facts are easily verifiable with reference to the contracts and payment records, it is unlikely that they would be disputed. The facts set forth in the complaint sufficiently state claims for relief for breach of a collective bargaining agreement pursuant to ERISA (29 U.S.C. 1132, 1145) and the Labor Management Relations Act (29 U.S.C. 185). Consequently, *Eitel* factors two, three, and five weigh in favor of the entry of default judgment. For the following reasons, each of the remaining factors also favors entry of default judgment.

3

*First*, if the motion were denied, plaintiffs would be without a remedy. Declining to enter a default judgment therefore would result in prejudice to plaintiffs.

*Second*, the sum of money at stake is moderate. A large sum would disfavor default judgment. *See Eitel*, 782 F.2d at 1472 (finding that, in light of the parties' dispute as to material facts, having a $2,900,000 judgment at stake supported a decision not to enter default judgment). Plaintiffs here seek a total judgment of $46,810.36. Although a substantial amount, this is a far cry from the $2,900,000 sum contemplated in *Eitel*.

*Third*, it is unlikely that default was the result of excusable neglect. This action was filed back in August 2012, and defendant was properly served at that time — a full five months ago. Defendant presumably was aware of its payment obligations and was put on fair notice of this action against it.

*Fourth*, although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where a defendant refuses to litigate.

After consideration of all of the *Eitel* factors, this order finds that the entry of default judgment is warranted.

### 2. DETERMINATION OF RELIEF.

When judgment is entered against an employer who is found liable for delinquent contributions, an award of unpaid contributions, interest, liquidated damages, and reasonable attorney's fees and costs, as provided in the agreement, is mandatory. 29 U.S.C. 1132(g)(2); *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). Based on the declarations submitted by plaintiffs, plaintiffs seek the following relief: (1) $27,070.17 in unpaid contributions ($24,173.54 in unpaid contributions and $2,896.63 in estimated unpaid contributions); (2) $1,420.09 in unpaid interest; (3) $14,347.53 in liquidated damages; and, (4) $5,499.50 in costs and attorney's fees. After adjusting for a credit of $2,031.60, the total judgment sought is $46,305.69.

#### A. Unpaid Contributions.

Based on a spreadsheet compiled from "trust fund records" by plaintiffs' collections manager and a corresponding sworn declaration, plaintiffs ask for $24,173.54 in unpaid

4

1 contributions for hours worked by Defendants' employees during the months of January 2012
2 through September 2012, and $2,896.63 in estimated contributions for October 2012 (Hayner
3 Decl. ¶¶ 9–10), for a total of $27,070.17.  Plaintiffs' request for unpaid contributions is
4 adequately supported.  It is therefore **GRANTED**.

### B. Interest.

Interest on unpaid contributions must be calculated "by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."  29 U.S.C. 1132(g)(2)(E).  Simple interest is owed at 10% per annum on the unpaid contributions (Hayner Decl. ¶ 8 and Exh. E).  Here, plaintiffs claim $1,420.09 in interest (Hayner Decl. ¶ 9).  This rate is reasonable and was agreed to by defendant when it signed the contracts (Hayner Exh. E).  Plaintiffs' request for interest is **GRANTED**.

### C. Liquidated Damages.

In addition to unpaid contributions, interest thereon, and reasonable attorney's fees and costs, "the court *shall* award the plan . . . an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent."  29 U.S.C. 1132(g)(2) (emphasis added).  Here, the plan provides for liquidated damages at the rate of 10% of unpaid contributions, increasing to 20% after a lawsuit is filed, although liquidated damages are not applicable to all of the trust funds (Hayner Decl. ¶¶ 7–8 and Exh. E at 2).  Plaintiffs request liquidated damages totaling $14,347.53 (*id.* at ¶ 11).  Upon review of the record and the relevant law, this order finds it to be proper.  Plaintiffs' request for liquidated damages is therefore **GRANTED**.

### D. Attorney's Fees and Costs.

Plaintiffs seek $4,419.50 in attorney's fees through November 21, 2012, $1,080 in attorney's fees in connection with preparation for and attendance at the hearing on this motion, and $504.67 in costs, for a total of $5,499.50 (Stafford Decl. ¶ 17).  Plaintiffs have submitted a declaration from a supervising attorney stating that she billed nine hours, and that an associate and a paralegal spent 1.1 and 19.2 hours, respectively (*id.* at ¶ 16).  Viewed as a whole, the documentation is adequate.  Of the $1,080, $240 corresponds to paralegal time spent on the

5

instant motion and $840 corresponds to anticipated attorney's fees for oral argument.  Because the hearing is vacated, the $840 must be deducted.  Plaintiffs' request for attorney's fees and costs is therefore **GRANTED** for a total sum of $4,659.50.

## CONCLUSION

For the above reasons, plaintiffs' motion for entry of default judgment is **GRANTED**. Plaintiffs may recover the following:  (1) $27,070.17 in unpaid contributions; (2) $1,420.09 in unpaid interest; (3) $14,347.53 in liquidated damages; and (4) $4,659.50 in costs and attorney's fees, for a total amount of $45,465.69 (after adjusting for a credit of $2,031.60).  The January 17 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated:  January 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE